### C. A. OSGOOD AGT. PETER HAVERTY.

*Practice: Pleading: Exceptions: Waiver.*

1. If the plaintiff files a reply after the time fixed by law, without obtaining an extension of time from the judge or court, the reply is improperly filed; but if the defendant does not move to strike it from the files, or if the plaintiff asks leave of the court, and files his reply, the defendant objecting, but not excepting to the ruling of the court, the defendant waives his right to object, and after having waived it once, he can not afterward interpose any objection on that score.

ERROR from the District Court of the Third Judicial District in and for Johnson County.

*By the Court*—ELMORE, J.

Petition in Error to the District Court, Johnson County, 3d District.

This was an action brought by the plaintiff in error to recover of the defendant in error the amount of a note, being for the sum of $250, payable to said plaintiff or bearer, on the first day of January, 1860, with interest, at the rate of three per cent. per month, after maturity. To the plaintiff's petition defendant files his answer. The first, a general denial; the second, in the nature of a counter-claim, alleging that by the

non-performance of certain covenants on the part of the plaintiff, that the defendant had been damaged to the amount of $500. The plaintiff did not file a reply within the time prescribed by law; but, before the empanneling of the jury, the plaintiff asked leave to file a reply—the defendant objecting. The plaintiff filed replication with the clerk. The cause was submitted to the jury, and they brought in a verdict for the plaintiff for the sum of $289.50, and thereupon the court rendered judgment for the amount, and his costs. After which the defendant moves the court to strike from the files the plaintiff's replication, which motion the court sustained, and the defendant asked judgment against the plaintiff for want of replication, which the court granted. The plaintiff alleges that the court erred in striking his replication from the files, and also in rendering a judgment in favor of the defendant. Section 113, page 98, Acts of 1859, expressly designates in what time the reply of the plaintiff should be filed. If he neglects to do so without first procuring an extension of the time from the judge or court, the replication is improperly filed; but if the defendant does not move to strike it from the files, or if the plaintiff asks leave of the court, and files his replication, the defendant objecting, though not excepting to the ruling of the court, we conceive thereby that the defendant waives this right, and that after having waived it once, he can not afterward interpose any objection on that score. It appears from the record that leave was neither granted nor refused, and that during the trial the court, plaintiff and defendant

considered the replication as in.   This, in our opinion, is a waiver of all objections on the part of the defendant.   But was a replication absolutely necessary.   The plaintiff only admitted certain facts.   He did not admit that the defendant had suffered the amount of damages as alleged.   The 137th section, page 101, says, that the amount of damages shall not be taken as true. It was still incumbent upon the defendant to show, by proof before the jury, the amount of damages for the non-performance of the covenants on the part of the plaintiff, and it is evident to our minds that the jury did take into consideration such proof in making up their verdict.   We are of the opinion that the district court erred in striking from the files the plaintiff's replication, and also in rendering a judgment in favor of the defendant.

ORDER.—We, therefore, reverse the order of the court, striking the replication from the files, and also reverse the judgment of the court, wherein the court rendered judgment in favor of the defendant, and tax the costs of this court against the defendant in error, and order a mandate to the district court to enforce the judgment of the court below, rendered on the verdict of the jury in favor of the plaintiff.